# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40030

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUAN VAN NGUYEN, also known as Minh Nguyen, also known as Van Luan Nguyen, also known as Kevin Nguyen,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-116-3

Before STEWART, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury in the Eastern District of Texas convicted Luan Van Nguyen of conspiracy to commit carjacking, carjacking, and possession of a firearm in furtherance of a crime of violence. On appeal, Nguyen argues that the district court erred in allowing testimony regarding prior bad acts. Nguyen also challenges the sufficiency of the evidence underlying his conviction. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40030

I.

The evidence at trial reflected a kidnapping plot gone wrong.[1]  The plot begins with Nguyen's connection to the Tran family—Joe Tran, his wife, Tiffany Bui, and their three children.  The husband and wife separately operated small businesses.  In 2008, Nguyen, who operated a computer repair shop, began periodically performing computer work for the couple's businesses. And, for a period of several months in early 2010, one of the Tran children, Quoc Viet Tran ("Tran"), worked in Nguyen's computer shop.

Nguyen also ran a construction business.  When Nguyen's girlfriend, Clarissa Do, informed him that her sister-in-law, Hoa Pham, was in search of someone to remodel her house, Nguyen offered to do the job.  In May 2010, Nguyen and Pham entered into a contract, agreeing that the work would be complete within ten weeks.  Nguyen commenced work in May but ceased work soon thereafter and never completed the remodeling.  Pham paid Nguyen a total of $80,000 on the contract.

In July 2010, Nguyen approached two other individuals—Rigoberto Valenzia and Patrick Chaney, both of whom had worked for Nguyen on construction jobs—about kidnapping Tran for ransom.  At this time, Nguyen claimed that he had been robbed of $35,000 and needed funds to complete the Pham construction project.  Valenzia and Chaney agreed to the kidnapping and subsequently conducted surveillance of their target.  Valenzia and Chaney concluded that Tran's home would be too risky a location at which to carry out the abduction because they frequently saw police vehicles in the neighborhood. The men thus hatched the plot that eventually unfolded in August 2010.

---

[1] We present the facts in the light most favorable to the United States as we must. *See United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012).

No. 13-40030

The first step involved Nguyen doing some reconnaissance. Leveraging his prior computer repair work for the Tran businesses, Nguyen visited Bui's store and offered to provide some technological assistance. Bui did need assistance with her computers, giving Nguyen a reason to engage her in conversation about the Tran family while he tinkered. Specifically, Nguyen learned that Tran was employed by a computer repair company.

The day of the crime, Chaney, using an alias, called Tran's company and requested that Tran pick up a computer that needed repairing, at an address associated with a vacant house. When Tran arrived at the vacant house, Chaney led him inside to retrieve the computer. Valenzia then jumped out of a room and thrust a sawed-off shotgun in Tran's face, forcing him to lie down and threatening to shoot. Valenzia smacked Tran with the gun, which was actually empty. Chaney blindfolded and bound Tran. The kidnappers then dumped Tran on the floor of a van parked outside the house. Valenzia told Tran that the kidnappers had detailed information on the Tran family—the information was that which Nguyen had learned from Bui days earlier.

Nguyen, via cell phone, instructed Chaney to seize Tran's cell phone, ensuring that the kidnappers would have Bui's cell phone number for the ransom call. Chaney took the cell phone from Tran's pocket and also grabbed Tran's car keys. The men had agreed to remove Tran's car from the premises once they had control of Tran. Nguyen, then on the scene in his own car, told Chaney to drive Tran's car to a nearby alleyway and abandon it. Contemporaneously, Valenzia hopped into the van and unsheathed a large knife. Sticking the knife to Tran's neck and then leg, Valenzia threatened to mutilate Tran. Valenzia then drove off. During this entire episode, according to Chaney, the kidnappers were willing to use whatever force was necessary to keep Tran from escaping—to render him unconscious or knock him out.

3

No. 13-40030

Up to this point, all had gone according to the original plot. But the conspirators' planned rendezvous at Valenzia's house was disrupted by Tran, who proved to be a difficult hostage. Although blindfolded and bound, Tran got his hands on the sawed-off shotgun that had been used to subdue him earlier. Tran pulled the trigger on the empty shotgun. Hearing the click of the trigger, Valenzia began hurling threats at Tran. Tran, emboldened, struggled to his feet and lunged at Valenzia, landing in the front passenger seat. Tran's continued flailing pushed Valenzia to the brink of losing control of the van. Valenzia then pulled over, opened the door, and pushed Tran out of the van.

Apprehended, Nyugen and Chaney and Valenzia were charged in the same three-count indictment: Count One charged the defendants with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; Count Two charged the defendants with carjacking, in violation of 18 U.S.C. §§ 2, 2119; and Count Three charged the defendants with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1).

The case was tried to a jury. At trial, the United States offered evidence of the above-described facts. Pertinent to this appeal, following the direct examination and cross-examination of Pham, the district court questioned Pham directly as to whether Nguyen either had performed $80,000 worth of work or had returned any of the $80,000 she paid Nguyen. Defense counsel moved for a mistrial on the grounds that the district court had elicited testimony of a prior bad act—i.e., that Nguyen defrauded Pham on the remodeling project—in violation of Federal Rule of Evidence 404. Defense counsel argued that the evidence reflected that Nguyen had defrauded Pham. The district court denied the motion.[2] Also pertinent here, Chaney testified

---

[2] The district court gave a limiting instruction, telling the jury that questions, whether from the attorneys or the court, are not evidence.

that, at some point after the kidnapping of Tran, Nguyen had travelled to Beaumont to see "his parole." There was no objection. Later, during questioning by the prosecutor, a witness mentioned "the probation office" to which Nguyen apparently had reported on August 6, 2010. Defense counsel moved for a mistrial, and the district court denied the motion, reasoning in part that the witness's brief statement was harmless because information about the prior conviction (for bank fraud in Alaska) underlying the probation was not introduced.[3]

The jury convicted Nguyen on all three counts.[4] The district court then sentenced Nguyen to 330 months in prison.[5] Nguyen challenges only his conviction on appeal.

## II.

Nguyen argues that the district court erred under Federal Rules of Evidence 403 and 404 in allowing evidence (1) that Pham paid Nguyen $80,000 but did not receive $80,000 worth of services and (2) that Nguyen was on probation. Nguyen challenges the district court's denial of the motion for a mistrial on each ground. Nguyen also argues that the evidence was insufficient to sustain the convictions for carjacking and conspiracy to commit carjacking because Chaney and Valenzia did not possess the requisite intent. Nguyen contends that the district court erred in denying his motion for a directed

---

[3] In 2001, Nguyen was convicted of bank fraud in Alaska and was sentenced to eighteen months in prison and five years of supervised release. Nguyen's supervised release was revoked in 2006. Nguyen was sentenced to seven months in prison and four years of supervised release. Nguyen was on supervised release at the time of the carjacking offense.

[4] Valenzia and Chaney pleaded guilty to carjacking. Valenzia was sentenced to 116 months in prison; Chaney, 97 months. Valenzia and Chaney also pleaded guilty to state kidnapping charges and were sentenced to five years in prison each.

[5] The district court imposed a sentence of 60 months on Count One (30 months concurrent to Count Two), 180 months on Count Two (consecutive), and 120 months on Count Three (consecutive).

No. 13-40030

verdict.  We will address the two specific pieces of evidence first.  We will then address the sufficiency-of-the-evidence question.

A.

Evidence admitted under Rule 404(b) is subject to a heightened abuse of discretion standard.  *United States v. Templeton*, 624 F.3d 215, 221 (5th Cir. 2010).  We review for abuse of discretion a denial of a motion for a mistrial based on the admission of prejudicial testimony.  *United States v. Le*, 512 F.3d 128, 133 (5th Cir. 2007).  When a jury hears information unfairly prejudicial to a defendant, "a new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact on the jury's verdict, viewed in light of the entire record."  *Id.* (internal quotation marks and citation omitted).

First, we deal with Pham's testimony.  The evidence at trial indicated that Nguyen orchestrated the kidnapping of Tran to obtain ransom money to satisfy his obligations to Pham.  Thus, Pham's testimony that she had paid Nguyen for work that had not been done was relevant to proving Nguyen's motive for the kidnapping and the accompanying carjacking—not to proving Nguyen's character.  *See* Fed. R. Evid. 403, 404(b); *United States v. Dula*, 989 F.2d 772, 777–78 (5th Cir. 1991) ("In developing proof of intent and motive, the prosecution may offer all of the surrounding circumstances that were relevant.").  Neither the admission of the testimony nor the denial of the mistrial was an abuse of discretion.  *See Templeton*, 624 F.3d at 221.

Next, we turn to the witness's mention of Nguyen being on probation.  The challenged testimony indicated that Nguyen was serving a term of "probation" at the time Tran was kidnapped.  As explained by the district court, however, the jury did not hear any evidence about the Alaska conviction and it did not hear any details about the term of supervised release. Moreover, at the time defense counsel objected to the witness's testimony, the jury already had

heard from Chaney that Nguyen travelled to Beaumont to report to his "parole" officer. We conclude that, in light of the other evidence adduced at trial, the fact that Nguyen was serving a term of "parole" or "probation" was unlikely to affect the jury's conclusion that Nguyen participated in the plot to kidnap Tran. The denial of the motion for a mistrial was not an abuse of discretion. *See Le*, 512 F.3d at 133.

## B.

We must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

To prove Nguyen's guilt on Count One, conspiracy to commit carjacking, the United States was required to prove beyond a reasonable doubt that: (1) two or more individuals made an agreement to commit the crime of carjacking; (2) the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) at least one of the conspirators committed an overt act in furtherance of the conspiracy. *See* 18 U.S.C. § 371. Count Two, carjacking, required the United States to prove that[6]: (1) the defendant intentionally took a motor vehicle from a person; (2) the motor vehicle had been transported in interstate commerce; (3) the defendant did so by force; (4) the defendant intended to cause death or

---

[6] Nguyen was charged under § 2, which provides that one who aids and abets a crime is punishable as a principal. To rely on the theory of aiding and abetting for a conviction, the United States generally must prove that: (1) the offense occurred; (2) the defendant associated with the criminal venture; (3) the defendant purposely participated in the venture; and (4) the defendant sought by his actions to make the venture successful. *United States v. Moore,* 708 F.3d 639, 649 (5th Cir. 2013). To obtain a carjacking conviction under the aiding and abetting theory of liability, the defendant must share the "criminal intent to cause death or serious bodily harm in taking the vehicle." *United States v. Turner*, 674 F.3d 420, 443 (5th Cir.), *cert. denied*, 133 S. Ct. 302 (2013).

serious bodily harm; and (5) the defendant possessed such intent when he took the victim's vehicle. *See* 18 U.S.C. §§ 2, 2119. Nguyen does not challenge the sufficiency of the evidence as to the elements of aiding and abetting or conspiracy or as to the the first three elements of the crime of carjacking. Instead, Nguyen's contentions implicate only the *mens rea* for the crime of carjacking. Nguyen argues that the United States failed to prove that the conspirators intended to cause serious bodily injury or death at the moment the car was taken.

The intent element of § 2119 is satisfied when the United States proves that "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)." *Holloway v. United States,* 526 U.S. 1, 12 (1999). There must be "a nexus between the intent to kill or harm and the taking of the car at the precise moment of either the taking of the car or the threat to do so." *United States v. Harris,* 420 F.3d 470, 475 (5th Cir. 2005).

It is true, as Nguyen points out in the course of minimizing the import of the empty shotgun, that an "empty threat[] or intimidating bluff . . . standing on its own, is not enough to satisfy § 2119's specific intent requirement." *Holloway,* 526 U.S. at 11. But the "empty" shotgun does not stand on its own. The record is replete with evidence of the conspirators' intent to inflict serious harm if necessary to steal his car in order to cover up the kidnapping.[7] A rational trier of fact could have concluded that Valenzia and Chaney conditioned their intent to inflict serious bodily harm on Tran resisting at the

---

[7] The fact that the taking of Tran's car was intended to cover the conspirators' tracks as to the kidnapping offense is not relevant to the determination whether the conspirators intended to seriously harm or kill Tran. *See United States v. Frye*, 489 F.3d 201, 208 (5th Cir. 2007) ("The defendants' motive in taking the car is irrelevant." (internal quotation marks omitted)).

time the car was taken.  Chaney, who actually took the car, testified that he was willing to use whatever force was necessary to stop Tran from escaping or alerting a neighbor, even if it meant knocking him unconscious.  Immediately after hearing that testimony, the jury heard Chaney's description of stealing Tran's keys and taking control of the car, tying the potential use of force to the stealing of the car.  Moreover, when Tran was in the van and Chaney was moving Tran's car, Valenzia touched Tran with a knife and threatened to mutilate him.  Nguyen's contention that there was no intent to cause serious injury at the time the car was taken because any intent to harm Tran already had dissipated is unavailing. Chaney and Valenzia did not indicate that their intent to inflict serious harm if necessary dissipated at any point during the episode.  The evidence of intent was sufficient under *Jackson*.

AFFIRMED.